Stewart, J.
September 20, 1883, Jesse V. Davis, administrator of Obadiah Davis filed his petition in the court below against Robert Fullerton and C. D. Hunter, alleging in substance the following facts: That as such administrator, upon the written requisition of the defendant Fullerton, who was a party interested in the estate, he disallowed a claim which had been presented to him against said estate by one Mary M.cCoy. That on March 9,1882, the defendants executed and filed in the probate court a- bond in the sum of $300, con *573 ditioned to pay all costs and expenses of collecting said claim so disallowed, in case judgment therefor should finally be rendered against the administrator; that judgment was rendered in favor of Mary McCoy in said suit for $421.34, and $33.42 costs, and plaintiff has paid the judgment: that defendants refuse to pay the costs; that in said suit plaintiff’s own trouble and expense was $25, and his lawyer’s fee $50, neither of which sums has been paid, and averring in this a breach of the bond, prays a judgment for the sum of the costs and expenses.
The second amended answer on which the case was tried, consists of three defenses.
The first defense is in substance a general denial, except as to the filing of the written requisition, giving of the bond, rejection of the claim, the bringing suit, obtaining judgment thereon, and the payment of the judgment.
The second defense avers in substance, that the written requisition and bond were given under the provisions of Sec. 6098, R. S.; but that Fullerton was not made a party either by plaintiff or defendant in the suit brought on the rejected claim, but that coming into the suit on his own motion, and filing an amended answer therein, he was, on motion of the holder of the claim, dismissed from the case, and was not a party at the time of the trial, and was prevented thereby from defending against and defeating the claim; that no judgment for costs was rendered against him ; and by reason of all these matters he ought not to be compelled to pay any of the costs or expenses. The third defense avers that Fullerton bought all of the land of plaintiffs’s intestate from his heirs before Mary McCoy brought her suit and had title thereto; that after she obtained her judgment, all this land was sold, and the judgment, interest, costs and attorney’s fees paid out of the proceeds.
The reply to the second defense is a general denial; the reply to the third defense admits that the proceeds of the sale were applied to the satisfaction of the judgment of Mary McCoy, but denies that any part of the costs or expenses were ever paid. Upon these issues a trial was had to the court below, anda judgment rendered for plaintiff for part of his claim. *574 A motion for a new trial being overruled, a bill of exceptions was duly taken, purporting to contain all the evidence, and a petition in error filed in this court alleging error in this that the court below erred in the admission and rejection of evidence, and in not sustaining the motion for a new trial on the ground that the judgment was against the weight of the evidence and the law. The giving of the bond by defendants, the rejection of the claim of Mary McCoy, the bringing suit thereon, obtaining judgment thereon and the payment of the judgment being admitted, the plaintiff at the trial introduced evidence of the value of his attorneys’ services in said suit, of his own expenses, and the amount of the costs. To the introduction of all this testimony the plaintiff in error objected, but his objection was overruled and he saved his exception. The defendants then offered in evidence so much of the'record of said suit as showed Fullerton’s dismissal therefrom as not being a necessary party, and also some evidence tending to show that the attorneys’ fees and expenses and part of the costs had been paid. This latter evidence was contradicted in rebuttal.
As this action has its foundation in the provisions of section 6098, Rev. Stats., the proper decision of the questions involved here, can only be arrived at by a determination of the objects of this section, and the plain and obvious meaning of its requirements. The section reads as follows: “ Section 6098. If any heir or creditor of a deceased person, or any person who has purchased, or claims to hold, by purchase or otherwise, fropi such heir, any lands or other property inherited by such heir from such decedent, shall file in the probate court of the county in which administration is taken out on any estate, a written requisition on the administrator or executor, to disallow and reject any claim presented for allowance, and whether said claim has been allowed or not, but which has not been paid in full, and shall enter into an undertaking with sufficient surety, to be approved by the probate judge, conditioned to pay all costs and expenses of contesting such claim, in case it shall be finally allowed, such claim shall in such case be disallowed and rejected by such administrator or executor, and the holder of such claim shall be required, within six months *575 after such rejection of such claim, to bring his action against •such administrator or executor, to enforce such claim, and if he recover, the judgment shall be against the said administrator or executor; and in such action, such heir, creditor or other person claiming to hold such property, shall be made a party defendant with such administrator or executor, and shall have the right to plead and make any defense to such action which such administrator or executor could make. * * * And if the plaintiff recover, the judgment shall be against the administrator or executor, but the costs shall be awarded against the party filing the requisition to disallow the claim.”-
The original action of Mary McCoy v. Jesse Davis, Adm’r, was brought before this court by the plaintiff in error in this ■cause, seeking to reverse that judgment; but we then held, and we think rightly, that there was no error in that record, for the reason that Fullerton had failed in his pleading to bring himself clearly within the provisions of section 6098, Rev. Stats., siopra; and in order to avail himself of that section, he must show affirmatively that he had complied with its requirements. And so in the case at bar, if the administrator wishes the benefits of this section, he must show that all its requirements have been fulfilled. This statute was evidently intended to protect those interested in estates from designing administrators and executors, and to prevent collusion between administrators or executors, and claimants. It appears from the record that plaintiff in error, on his part, gave the bond required by law, and that the defendant in error was duly notified; that defendant in error thereupon rejected the claim, and suit was brought thereon; that plaintiff in error was made a party to that suit on his own motion after its commencement, and on motion of the plaintiff (Mary McCoy) was dismissed from the case, before trial, as not being a necessary party. This statute seems to assume that the administrator believes the claim a just one, and when his judgment is challenged by any person interested in the estate, such person must give bond to pay costs and expenses, before the administrator is required to reject the claim. Then, if suit is brought, although the administrator is made a party, he is not *576 bound to defend; if any defense is to be made, it must be by liis co-defendant. If the party giving the bond is not made a party, then the administrator might file an answer, setting up that the claim had been rejected in accordance with the provision of section 6098, Rev. Sats., after bond given, and that the party giving bond had not been made a party defendant, and this, we think, would be a complete defense to the action so far as the administrator was concerned, for the statute says ‘;he shall be made a party, etc,” and if the administrator desired the benefit of the bond, it would be his duty to file such an answer, and undoubtedly the administrator ought to be allowed his expenses incurred in drawing that answer. If the party giving the bond, on being made a party, chose to make no defense, he would only be liable for such costs as accrued in the action. If, however, the administrator learned of a defense, he could and should communicate it to his co-defendant, and call on him to defend on that ground, for by the terms of the statute, he may make any defense that the administrator could. But if the administrator choose to make a contest himself, or did not choose to set up an answer demanding that the party giving the bond be made a party, it would indicate very clearly that he did not intend to rely upon section 6098. If the administrator chooses to incur expenses other than the filing of this answer, which we have indicated, he does so as administrator generally, and not under section 6098, for under that section there is no necessity for his so doing. The expenses covered by the bond given pursuant to said section, it seems to us must be necessary expenses only, -incurred in accordance with its provisions. In the case at bar, it appears that although plaintiff in error was made a party to the original suit on his own motion, he was not allowed to defend; the administrator was not bound to defend, and if he did so, without requiring Fullerton to be brought in, we do not think it was by virtue of said section, or that he is entitled to its benefits, as the injunction to make the party giving the bond, a party, has been wholly disregarded. Being deprived of his opportunity to defend, Fullerton cannot be held for the unnecessary expense, that is, unnecessary to be incurred by the ad *577 ministrator. And the same may be said as to the costs. By section 6098, supra, it is provided that in such action “ the costs shall be awarded against the party giving bond,” and also that his bond shall be “ conditioned to pay all costs,” etc. Construing all the parts of this statute together, it is clear that the costs covered by the bond must be the “ costs awarded against” him in the suit. We therefore hold that if the administrator desires to recover these costs, it is his duty to see to it, that the costs are awarded against the party giving the bond. There having been no “costs awarded against” the plaintiff in error in the original suit, he would not be liable therefor upon his bond, and for reasons above stated he would not be liable for the attorney’s fees or other expenses. In view of the admissions of the pleadings in this case, and of the plain provisions of this statute, all of the evidence objected to by plaintiff in error should have been ruled out as irrelevant, and its admission was prejudicial to plaintiff in error; the administrator having failed to see that the proceedings in the original suit conformed to the requirements of section 6098, he cannot in this suit claim the benefits of this section. We find no other errors in this record, but for error in the court below in admitting the testimony objected to, and because the competent testimony clearly showed that a judgment should have been given in favor of plaintiff in error, the judgment will be reversed with costs, and cause remanded for a-new trial according to law.
David Stalter, for plaintiff.
Jones & Jones, for defendant.